[Crim. No. 2431.   First Dist., Div. Two.   Feb. 27, 1947.]

THE PEOPLE, Respondent, v. DONALD HARRIS, Appellant.

Donald Harris, in pro. per. for Appellant.

Robert W. Kenny and Fred N. Howser, Attorneys General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Appellant appeals from a judgment of conviction of a violation of section 503 of the Vehicle Code—driving and taking a vehicle belonging to another without the owner's consent. He was sentenced to imprisonment in the state prison "for the term prescribed by law."

His only ground urged on the appeal is that, since during the trial he admitted two prior convictions, he believes that the prison authorities will consider him a two-term offender and will not consider an application for parole until he has served two calendar years. Respondent concedes that the prior convictions were not pleaded in the information. Hence appellant argues that he must be treated as a first offender and as such entitled to apply for parole within six months from the commencement of his imprisonment. Section 3041, Penal Code.

But this is not a question which may be raised on an appeal from the judgment of conviction. That judgment makes

no mention of the two prior convictions. The appellant was merely sentenced for "the term prescribed by law." On this appeal we cannot assume that the Adult Authority will go behind the judgment for the purpose of adjudging appellant a "two-termer" and thus refuse to entertain his application for parole.

If, when the time arrives when appellant is entitled to apply for parole, his application is rejected on the grounds herein stated appellant has an adequate remedy by habeas corpus to determine his status. *In re McVickers,* 29 Cal.2d 264 [176 P.2d 40]; *In re Seeley,* 29 Cal.2d 294 [176 P.2d 24]. In the two cited cases habeas corpus was held to be the proper remedy to test the validity of an "adjudication" of prior convictions under the habitual criminal act. Here there was no "adjudication" since the prior convictions were not pleaded in the information. By analogy, if the writ of habeas corpus is the proper remedy to test an "adjudication" of prior convictions by the court entering the sentence, it must with more reason be a proper remedy to test the validity of the ruling of an administrative agency on the same subject. In any event the question cannot be raised on an appeal from a judgment which is silent on the matter of the prior convictions.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.