[Crim. No. 1997. Third Dist. Apr. 1, 1947.]

In re FREDERICK D. GALLOWAY, on Habeas Corpus.

Frederick D. Galloway, in pro. per. for Petitioner.

Fred N. Howser, Attorney General, and Jas. O. Reavis, Deputy Attorney General, for Respondent.

ADAMS, P. J.—This is a proceeding in habeas corpus. The petitioner is confined in the State Prison at Folsom under a judgment of conviction of the crime of assault with a deadly weapon and an adjudication that he is an habitual criminal by virtue of his admission of two prior convictions of a felony. The basis for his application is his claim that one of the prior convictions did not constitute a felony for which he could be adjudged an habitual criminal and that his sentence is therefore excessive.

The petitioner was accused by information of the crime of assault with a deadly weapon committed in Solano County on or about July 9, 1941. The information also alleged two prior convictions of felonies for which the petitioner had served terms. The first prior conviction alleged was for the violation of the National Motor Vehicle Theft Act in the United States District Court for the Southern District of Georgia on or about April 12, 1923, under the name of Fred Roland. This is the prior conviction that is put in issue by the petition. The petitioner pleaded not guilty by reason of insanity to the main charge and a jury returned a verdict against that plea. Petitioner admitted the two prior convictions as alleged. The court adjudged petitioner to be an habitual criminal.

The sole problem presented here is whether said prior conviction could be used as a basis for adjudging petitioner to be an habitual criminal. In his answer and return to the petition, respondent freely admits that said prior conviction was improperly considered as one of the felonies requisite to an adjudication of petitioner as an habitual criminal and that petitioner should not have been so adjudged.

The identical problem was presented in *People* v. *Lohr*, 28 Cal.App.2d 397 [82 P.2d 615], and in that case it was held that an admission of conviction of a violation of the National Motor Vehicle Theft Act, with nothing more, did not constitute a prior conviction such as could be considered in adjudging a defendant to be an habitual criminal.

The Lohr case was cited with approval in *In re Connell*, 68 Cal.App.2d 360 [156 P.2d 483], and both cases were cited with approval in *In re Seeley*, 29 Cal.2d 294, 300 [176 P.2d 24].

It follows that the portion of the judgment in this case which determined that the petitioner is an habitual criminal is invalid. That portion of the judgment is therefore annulled. The balance of the judgment is valid. The Adult Authority is therefore directed to disregard the determination that petitioner is an habitual criminal, and to fix his term of imprisonment without regard thereto.

The prisoner is remanded.

Schottky, J. pro tem., and Peek, J., concurred.