[Crim. No. 2474.   First Dist., Div. One.   June 5, 1947.]

In re DONALD HARRIS, on Habeas Corpus.

Donald Harris, in pro. per., for Petitioner.

Fred N. Howser, Attorney General, David K. Lener and Clarence A. Linn, Deputy Attorneys General, for Respondent.

BRAY, J.—The question involved here is whether Resolution No. 83, adopted by the Adult Authority, in its application to petitioner's situation, is a reasonable exercise of the power given to it by the Legislature, and whether petitioner

shall be considered as a first-termer or second-termer for certain purposes.

Petitioner is presently confined in San Quentin prison. On July 19, 1946, he was received there under sentence of imprisonment for the crime of violating section 503 of the Vehicle Code (auto conversion). This section prescribes punishment in the state prison for not less than one nor more than five years. Neither in the information nor judgment is any mention made of any prior convictions of the petitioner. At his trial, on cross-examination by the district attorney by way of impeachment, petitioner admitted two prior felony convictions and prison confinements therefor. Because of these, the Adult Authority classified him as a second-termer, and under their Resolution No. 83 his term of imprisonment will not be fixed, nor parole considered, until at least 18 months after his commitment.

Petitioner, fearing that he would be classified as a second rather than a first-termer, heretofore appealed from the judgment in his case. (*People* v. *Harris,* 78 Cal.App.2d 293 [177 P.2d 817].) "His only ground urged on the appeal is that, since during the trial he admitted two prior convictions, he believes that the prison authorities will consider him a two-term offender and will not consider an application for parole until he has served two years." (p. 293.) After holding that this is not a question that can be raised on appeal, the court went on to say (p. 294): "If, when the time arrives when appellant is entitled to apply for parole, his application is rejected on the grounds herein stated appellant has an adequate remedy by habeas corpus to determine his status."

Section 3020 of the Penal Code provides: "In the case of all persons heretofore or hereafter sentenced under the provisions of Section 1168 of this code, the board may determine and redetermine, after the expiration of six months, from and after the actual commencement of imprisonment, what length of time, if any, such person shall be imprisoned, unless the sentence be sooner terminated by commutation or pardon by the Governor of the State."

Section 3024 of the Penal Code provides: "The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence: ... (c) For a person previously convicted of a felony

either in this State or elsewhere . . . five years; . . . (e) Such minimum penalties shall apply only when such . . . previous conviction of a felony as above specified *has been charged and admitted or found to be true in the manner provided by law* . . . '' (Emphasis added.)

Under these sections of the Penal Code, it appears clearly that in the matter of fixing sentence petitioner must be considered a first offender only. His prior convictions were not ''charged and admitted or found to be true in the manner provided by law.''

What is meant in section 3024, subdivision (e), by the language that prior convictions must be ''charged and admitted or found to be true in the manner provided by law'' readily appears from an examination of the authorities. The general rule is that, unless controlled by statute, in order to subject an accused to enhanced punishment for a second or subsequent offense, it is necessary to allege in the written accusation the fact of a prior conviction. (58 A.L.R. 64; 82 A.L.R. 366; 116 A.L.R. 229; 132 A.L.R. 107; 139 A.L.R. 689.) Section 1168 of the Penal Code, subdivision 2(e), before it was recodified into section 3024, had practically the identical language. In construing the former section in *People* v. *Lesterjette,* 40 Cal.App.2d 327 [104 P.2d 844], the court quotes from *Cavassa* v. *Off,* 206 Cal. 307, 313 [274 P. 523], as follows: ''It is well established in this state, where a prior conviction is relied upon for the purpose of empowering a court to inflict an increased penalty upon a defendant, that the indictment or complaint must allege the prior conviction and upon trial, unless admitted, such prior conviction must be proved by competent evidence.'' The court then goes on to say (p. 330): ''When, therefore, the finding appears in the judgment, the Board of Prison Terms and Paroles is thereby authorized to assume, in fixing the added penalty therefor, that the fact that the prisoner was armed with a deadly weapon at the time of the commission of his offense was properly pleaded and competently proved.'' The court was dealing with the deadly weapon section of the act, which is one of the situations which along with prior conviction, causes an increase in penalty. There are a number of cases in California supporting the rule quoted in the Cavassa case, *supra,* among them, the following: *People* v. *Ratner,* 67 Cal. App.2d Supp. 902 [153 P.2d 790]; *People* v. *Fewkes,* 214 Cal. 423 [6 P.2d 250]; *People* v. *Coleman,* 145 Cal. 609 [79 P. 283].

The court in our case treated the petitioner as a first offender as it did not include any prior conviction in its judgment. That he must thenceforth be treated as such so far as his term of imprisonment is concerned is established by *People* v. *Schneider*, 36 Cal.App.2d 292 [98 P.2d 215]. There the court said: "Appellant further contends that the evidence is insufficient to prove the prior convictions. Regardless, however, of the question of proof, it is apparent that the matter of the prior convictions cannot operate to appellant's prejudice for the reason that the clerk's and the reporter's transcripts alike show that in pronouncing judgment the trial court ignored entirely the matter of the prior convictions and sentenced appellant merely as a first offender, and therefore he must be treated as such. (*People* v. *Noland*, 30 Cal.App.2d 386 [86 P.2d 363] ; *People* v. *Dawson*, 210 Cal. 366 [292 P. 267] ; *People* v. *Arnest*, 133 Cal.App. 114 [23 P.2d 812].)"

It hardly could be contended that an admission of prior convictions by the petitioner under cross-examination for purposes of impeaching his testimony constitutes "found to be true in the manner provided by law." The section provides two situations in which prior convictions may be used to increase the penalty for a later crime: (1) where the prior conviction is charged and admitted; and (2) where it is charged and found to be true in the manner provided by law. In the second situation it must be established by proof to the jury or court after issue framed. In both situations it must be charged in the information or indictment and found in the judgment. (*People* v. *Dawson*, 210 Cal. 366, 373 [292 P. 267].)

For purposes of term of sentence petitioner therefore must be considered a first-termer. The attorney general agrees with this conclusion.

The question then arises as to whether the position taken by the Adult Authority as to the time when he is to have the length of his term of imprisonment determined and his parole considered is reasonable and proper. Resolution No. 83 of the Adult Authority provides (so far as relevant here), "That it shall be the policy of the Adult Authority to order the initial calendar appearances of men in the State prisons according to the following procedure: . . . men who have served previous sentences as provided in Penal Code Section 3045; . . . 18 calendar months from date of commitment."

Section 3045 of the Penal Code provides: "No prisoner who has served a previous sentence in a State prison in this or any other State . . . may be paroled until he has served at least two calendar years." Petitioner is in this category unless it should be held that this section only applies when, as under section 3024 of the Penal Code applying to terms of imprisonment, only prior convictions which have been charged and included in the judgment can be considered. But section 3045 has no such provision. Nor is there any similar provision in any of the sections applying to parole.

Section 3041 of the Penal Code provides: "In any case the matter of parole may be determined by the board at any time after the expiration of six months from and after the actual commencement of such imprisonment."

Section 3041, as to paroles, like section 3020, as to terms of imprisonment, fixes no definite time for the hearing other than "after the expiration of six months."

If petitioner, although considered a first-termer for length of sentence, is a second-termer for consideration of parole, we have a situation in which it is possible for him to receive a minimum sentence of one year only, but not be eligible for parole for two years. While this is possible, it is not probable, except under most unusual circumstances, that the Adult Authority would give a second-termer a sentence of less than the two years when he would first be eligible for parole. This situation is important in considering the 18 months' rule provided by Resolution No. 83.

█ That prior convictions of prisoners who for good reasons must be considered as first-termers, need not be charged and included in the judgment is obvious from a comparison of sections 3024 and 3045. The very fact that section 3024 provides that the only prior convictions which can be considered in increase of term of imprisonment are those charged and included in the judgment, and that section 3045 providing for limitation of parole for prior convictions contains no such provision, indicates that the Legislature never intended that for parole purposes; only prior convictions proved in court could be considered. Parole is not a matter of right, but a matter of grace. In determining the fitness of a man as a parole risk, many things may be considered by the parole authority. Among these are his life history, his habits, his previous associates, and of the greatest importance, his crime record. It would not be reasonable to hold that in determining whether or not a man is a good parole risk, the

authority is precluded from considering prior convictions which were not included in the charge against him in the court which convicted him of his last offense. ▮ In considering whether a person is to be admitted to parole, and the rules, regulations or restrictions he is to be placed under if admitted to parole, even misdemeanor convictions and convictions under which the person did not serve time in any institution, none of which could have been included in the charge in court, may and should be considered.

▮ Being a first-termer for length of imprisonment and a second-termer for purposes of parole, when must the Adult Authority act in determining both imprisonment and parole? The statutes fix no time other than the minimum of six months. There is no case in California on the question of the time of considering term of imprisonment, but on the question of time of considering parole the case of *Roberts* v. *Duffy,* 167 Cal. 629 [140 P. 260], in holding invalid a rule of the then prison board requiring all prisoners to serve half time before being eligible to parole, held in effect that the prisoner had a right to apply for parole and have his application determined (but not necessarily granted) at the expiration of the time when he would be eligible for parole. Under Resolution No. 83 prisoners in the same class as petitioner automatically appear for both sentence and parole consideration 18 months after commitment and six months before they are eligible for parole. Certainly, at least as to parole consideration, this is eminently fair and reasonable.

It is also reasonable as to the time for fixing terms. While, as pointed out before, the minimum term in the case of a prisoner such as petitioner is one year, the likelihood of his being given a term of less than two years is extremely remote. If there are circumstances justifying the minimum sentence, they can be called to the attention of the authority before the 18 months when the prisoner would automatically come before the authority. Resolution No. 83 states: "Provided, however, that an earlier initial calendar appearance may be ordered for any inmate whenever the Adult Authority so decides . . ." As a matter of fact, such an application was made by petitioner and denied. No circumstances were presented to the authority which would justify the imposition of the minimum term only, petitioner relying principally upon his claim that for all purposes, even parole, he must be considered a first-termer.

To require that a hearing for both parole and term should be held at the end of the year would unreasonably restrict the authority in the matter of parole. One of the matters entering into the prisoner's eligibility to parole is his conduct while in prison, "his character or disposition as chastened by prison discipline." (*Roberts* v. *Duffy, supra,* p. 635.) It is not unreasonable for the authority to require that a prisoner who cannot be paroled for two years, must be under observation for 18 months before his parole status is determined. Having his sentence determined at the end of one year instead of six months later under the schedule fixed by Resolution No. 83, would gain nothing for petitioner, as the refusal of the authority heretofore to fix his term and time of parole shows that he will have to serve at least the two years required before parole could be granted.

Moreover, to hold that in cases like this the authority must by the end of the minimum year hold a hearing for the purpose of fixing term and then later hold another hearing to consider parole would cause an unnecessary duplication of work and effort. While the statute does not fix the time within which the authority must act, it is quite clear that by necessary implication, the authority must determine the length of sentence and consider parole, before the expiration of the period in which the prisoner may be paroled—in this case, two years.

In determining what is a reasonable interpretation of the statutes some consideration must be given to the number and complexity of the problems faced by the authority in determining the ever-increasing number of cases coming before them. In the month of March, 1947, the record discloses 759 separate actions by the authority, in which personal interviews with 456 inmates were involved. While, of course, no prisoner should be deprived of any rights, nor delayed in securing any rights, because of pressure of business of the authority, yet where the prisoner is in no way being penalized or injured, the volume of business to be taken care of must be considered in determining what is a reasonable time in which the authority should act. Under Resolution No. 83 a man serving his first term who has no prior convictions comes before the authority for both sentence and parole six months after his commitment, and practically six months before it is possible to release him. No inmate is required to make application for these purposes; his

application comes on automatically six months before he is eligible to parole in whatever group the law places him.

The procedure established in Resolution No. 83 is reasonable and fair and no substantial right of any inmate is jeopardized by it.

Respondent claims that the questions raised here cannot properly be raised in an application for a writ of habeas corpus, citing *In re Weintraub*, 61 Cal.App.2d 666 [143 P.2d 936]. While that case so holds, habeas corpus has been used for similar purposes in *In re McVickers*, 29 Cal.2d 264 [176 P.2d 40]; *In re Seeley*, 29 Cal.2d 294 [176 P.2d 24]; *In re Galloway*, 78 Cal.App.2d 880 [178 P.2d 469], and other cases. It is not necessary for us to determine this question for the following reasons: The maximum penalty in the statute under which petitioner was convicted is five years (Veh. Code, § 503). ". . . the indeterminate sentence is in legal effect a sentence for the maximum term." (*In re Lee*, 177 Cal. 690 [171 P. 958].) In view of our determination herein, petitioner is not entitled to complain unless the Adult Authority, prior to the expiration of two years from his commitment, fails to fix his term and consider him for parole. (Whether or not on such consideration he shall be granted parole is a matter entirely within the discretion of the Adult Authority. [*Roberts* v. *Duffy, supra.*].) As this time has not expired, petitioner is not entitled to any relief. Should the authority not so act within the stated time, petitioner will have his remedy by mandamus, as set forth in the Roberts case.

Our conclusions are, first, that so far as length of sentence is concerned, petitioner is to be considered as a first-termer only; secondly, that in determining parole the authority has the right to take into consideration his prior convictions; thirdly, that the time of sentence and of considering parole set forth in Resolution 83 is reasonable and fair. Therefore, the writ is discharged and petitioner remanded to custody.

Peters, P. J., and Ward, J., concurred.