**DUFFY, Warden, et al. v. WELLS.**

No. 13083.

United States Court of Appeals
Ninth Circuit.

Dec. 31, 1952.

Rehearing Denied Feb. 19, 1953.

504

Edmund G. Brown, Atty. Gen. of California, Clarence A. Linn, Asst. Atty. Gen., of California, for appellant.

C. K. Curtright, Philip C. Wilkins, Sacramento, Cal., and Charles R. Garry, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment, 99 F. Supp. 320, granted on an order to show cause in a habeas corpus proceeding, as follows: "It Is Hereby Ordered, Adjudged and Decreed that the death sentence imposed upon petitioner Wesley Robert Wells is invalid under the Fourteenth Amendment to the Constitution of the United States, and the order imposing the death sentence by the Superior Court of the State of California, in and for the County of Sacramento, is hereby vacated and declared null and void."

A. The Warden contends that the district court was without jurisdiction to consider Wells' application for the writ of habeas corpus because when the application was filed he had not presented by petition for habeas corpus to the California Superior Court his contention of the unconstitutionality of the statute under which he was

convicted. In this the Warden relies on 28 U.S.C. § 2254 providing:

"§ 2254. State custody; remedies in State courts

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The district court denied a motion to dismiss on this ground. It retained jurisdiction, stayed execution of the state judgment in order to enable Wells to petition the Supreme Court for a writ of habeas corpus to pass on the question of the validity of his sentence, Ex parte Wells, D.C., 90 F.Supp. 855. The petition was filed in the Supreme Court and denied 35 Cal.2d 889, 221 P.2d 947. Certiorari was sought and denied Wells v. State, 340 U.S. 937, 71 S.Ct. 483, 95 L.Ed. 676. Section 2254 being then satisfied, the district court proceeded with the hearing on the order to show cause and rendered the above judgment.

■ We do not agree with the Warden's contention that the district court was without jurisdiction to consider the application for the writ when it was heard on the merits.[1] Section 2254 does not deny jurisdiction where the state remedies have not been exhausted. That section provides only that the application shall not be "granted" unless it appears that the state remedies have been exhausted. Section 2243 provides that

1. Therefore we are not concerned with the question as to what court or judge had the power to stay the execution during the consideration of the petition to the Supreme Court and the certiorari proceeding thereon.

"The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." We think that its action in so retaining jurisdiction is what law and justice required. We made a similar retention of jurisdiction in the habeas corpus case of Lee Fong Fook v. Wixon, 9 Cir., 170 F.2d 245.

■ B. We agree, however, in the Warden's contention that the district court erred in holding that the death sentence is in violation of the Fourteenth Amendment. Wells, then committed to and an inmate in a California state prison, had been convicted of the crime of possession of a deadly weapon in violation of Section 4502 of the California Penal Code. That section creates a felony "punishable by imprisonment in a State prison for a term not less than five (5) years", and such a sentence was imposed.

It has long been established in California that the legislature intended that such a sentence is fixed for life, until the California Adult Authority acting under Section 5077 of the California Penal Code shall fix a shorter term. People v. McNabb, 3 Cal. 2d 441, 456, 458, 45 P.2d 334; People v. Williams, 27 Cal.2d 216, 219, 163 P.2d 441; and People v. Wells, 33 Cal.2d 330, 335, 202 P.2d 53.

Here the Adult Authority refrained from acting. While such refraining is supported by a rebuttable presumption that refraining is an official duty, which has been regularly performed, Cal.Code Civil Procedure, Section 1963, subd. 15, the record shows the Adult Authority had abundant reason for so refraining on facts within its official knowledge. Of this the Supreme Court in People v. Wells, 33 Cal.2d at page 337, 202 P.2d at page 57, states of Wells that " * * In 1931 he was convicted of manslaughter committed while he was an inmate of Folsom State Prison. In 1944 he struck a prison doctor. Also in 1944 he was convicted of possessing a knife while he was a prisoner in Folsom State Prison, a violation of section 4502 of the Penal Code. (The opinion of the District Court of Appeal affirming such conviction discloses that defendant on that occasion used such illegally possessed knife to injure seriously a fellow prisoner. People v. Wells, (1945), 68 Cal. App.2d 476, 156 P.2d 979.) In February, 1945, defendant assaulted certain guards with an iron rod torn from his bedstead and attempted to wrest a cane from an officer. In April, 1945, defendant committed a battery with his fist upon a guard."

It is thus apparent that Wells, while so imprisoned, was charged with knowledge that the law of California is that he was undergoing a life sentence for violating Section 4502 of the Penal Code.

While under a life sentence so fixed by the legislature, Wells, in anger at complaints made by a prison guard, violently assaulted the guard with a crockery cuspidor. He was tried and found guilty and sentenced to death under Section 4500 of the Penal Code providing:

" § 4500. (By life prisoners: Punishment.) Every person undergoing a life sentence in a State prison of this State, who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury, is punishable with death."

■ The district court's opinion ignores the fact that the California Supreme Court in the above cases has held that Section 4502 fixes the sentence at life imprisonment in the absence of the action of the Adult Authority and erroneously poses the question before it as follows:

"Does the selection, as a class, of state prisoners, *whose maximum sentence has not been administratively fixed*, for the exceptional penalty of Section 4500, violate the federal guaranty of due process and equal protection of the law?" (Emphasis supplied.)

Here the maximum sentence of life imprisonment has been fixed not by the Adult Authority but *by the legislative adoption of Section 4502*, as construed by the above decisions of the California Supreme Court which are binding on the federal courts. State of Minnesota ex rel. Pearson v. Probate Court, 309 U.S. 270, 273, 60 S.Ct. 523,

84 L.Ed. 744; Neblett v. Carpenter, 305 U.S. 297, 302, 59 S.Ct. 170, 83 L.Ed. 182.

█ The legislature, in enacting Section 4502, chose a rational classification of state criminals to whom the life sentence should apply. It is not a denial of equal protection of the law because there are other classes of state prisoners to whom it does or does not apply. Cf. Collins v. Johnston, 237 U.S. 502, 510, 35 S.Ct. 649, 59 L.Ed. 1071.

█ Wells contends that there is an absence of due process because if the Adult Authority had not refrained from reducing the sentence so fixed from life imprisonment to a term of years, but so had acted, Penal Code Section 3022 permits it to do so without notice to him and without his participancy in propria persona or by counsel. This contention rests on the erroneous assumption that it is the law of California that the functions of the Adult Authority are judicial in character, to be performed under the due process requirements of the Fourteenth Amendment.

The powers of the Adult Authority were formerly exercised by a State Board of Prison Directors. It is the law of California that the "fixing of the term of imprisonment by the board [Adult Authority] is not judicial in its nature." In re Weintraub, 61 Cal.App.2d 666, 671, 143 P.2d 936, 939. The state as well may confine the power of reducing a sentence so fixed for life to the uncontrolled discretion of a non-judicial administrative body as it could leave to the Governor's uncontrolled discretion the exercise of his power of executive clemency.

Nor is there merit in Wells' contention that he was denied due process in the holding of the California Supreme Court that the erroneous exclusion of certain testimony on the question of malice aforethought did not result in a denial of justice. We accept the reasoning and conclusion of that court. Ex parte Wells, 35 Cal.2d 889, 894, 221 P.2d 947; People v. Wells, 33 Cal. 2d 330, 356, 202 P.2d 53.

The judgment is reversed and the application for the writ of habeas corpus is denied.