[Crim. No. 9858.    Second Dist., Div. Four.    May 20, 1964.]

In re PHILIP WARD on Habeas Corpus.

Cooper & Nelsen and Maxwell S. Keith for Petitioner.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Respondents.

BURKE, P. J.—Petitioner was found guilty of violation of Health and Safety Code, section 11531, sale of marijuana, on June 26, 1963. On July 17, 1963, his application for probation was denied and he was sentenced to imprisonment in the state prison for the term prescribed by law.

The judgment and sentence prescribed that petitioner be sentenced pursuant to section 1202b, Penal Code, which provides: ''In any criminal proceeding in which defendant is convicted of a felony or felonies and is committed to the custody of the Director of Corrections, if defendant was, at the time of commission of the offense or offenses, or of the apprehension from which the criminal proceeding resulted, under the age of 23 years, the court may, notwithstanding

any other provision of law fixing or affecting the penalty for the offense of offenses, specify that the minimum term of imprisonment for the offense or the offenses cumulatively shall be six months. This section does not apply to any offense punishable by death.''

Petitioner is 21 years of age. He has suffered no prior felony and no narcotic convictions. On August 3, 1963, he was delivered to the Guidance Center at Vacaville, and on November 1, 1963, was transferred to California Men's Colony, East Facility, Los Padres, where he is presently incarcerated.

He alleges that after his arrival at Vacaville he was placed on the Adult Authority calendar in January 1966, which means he will have served about two and one-half years before the authority first takes up for consideration the length of time he should serve. It is claimed that the Department of Corrections did not consider his sentence pursuant to section 1202b.

The Department of Corrections and the Adult Authority ''have taken the position uniformly and inflexibly that all persons sentenced to state prison for violation of section 11531 ... shall in no case be eligible for release upon completion of sentence or on parole or on any other basis until he has served not less than three years.'' The department and authority have resolved that the mandatory provisions of sections 11530.5, 11531 and 11532, Health and Safety Code, regarding sentences, override the provisions of section 1202b. Two letters from the department to petitioner's counsel evidence this position.

Petitioner realizes that his sentence pursuant to section 1202b does not require that he be released after serving six months, but contends that the statute gives the department and authority the power to release him then, if they see fit to do so, and that they must give effect to this section in setting his initial appearance on their calendar.

In the above mentioned letters from the Department of Corrections to petitioner's counsel, it is stated: ''When the penalty provisions of several of the narcotic laws, including section 11531 were amended effective Sept. 15, 1961, it was our interpretation, because of their specific language, that these penalty provisions were mandatory and therefore previous penal code provisions, including those in sections 18b, 1202b, 3024.5 and 3049 providing a lesser minimum in certain cases, were not applicable to these particular narcotic offenses.

This interpretation is being applied uniformly to all such sentences and in the case of Philip Ward, would require that he serve a minimum of 3 years prior to release eligibility. He was placed on an Adult Authority Calendar 2½ years from his receipt which is January, 1966." "Cases are placed on Adult Authority Calendar by order of the Adult Authority. The Records Office at the various Guidance Centers, including Vacaville, have the responsibility for implementing these orders. The Adult Authority has ordered that all narcotic offenders committed under the 1961 amendments,[1] who are required to serve more than one year prior to parole eligibility, are to be placed on a calendar six months prior to their minimum eligibility for parole release."

Petitioner first applied for a writ of habeas corpus to the Supreme Court, which petition was denied without opinion. He then filed his petition in San Luis Obispo Superior Court where a hearing was granted, but on February 20, 1964, the petition and writ were discharged, again without opinion.

Penal Code, section 3023, provides that "The term of imprisonment shall not exceed the maximum or be less than the minimum term of imprisonment provided by law for the public offense of which such person was convicted." Witkin says, "Thus, the Adult Authority must fix the term at some period between the statutory minimum and maximum prescribed in the particular statute violated by the defendant." (2 Witkin, Cal. Crimes, § 991, p. 944.) But where the judgment of conviction makes applicable the provisions of section 1202b, it would appear that, by statute, the violation of section 11531 by a person under the age of 23 years carries a punishment of six months to life, rather than five years to life.

Penal Code, section 3020, provides: "In the case of all persons heretofore or hereafter sentenced under the provisions of section 1168 of this code, the Adult Authority may determine and redetermine, * * * after the actual commencement of imprisonment, what length of time, if any, such person shall be imprisoned, unless the sentence be sooner terminated by commutation or pardon by the Governor of the State." (The asterisks indicate the deletion of the former

---

[1]Section 11531 as amended in 1961 provides: "Every person who . . . sells . . . any marijuana shall be punished by imprisonment in the state prison from five years to life and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than three years."

provision "after the expiration of six months.") Thus, the Adult Authority has the power to determine the sentence at any time after the actual commencement of imprisonment.

In *In re Weintraub,* 61 Cal.App.2d 666, 671 [143 P.2d 936], when the statute contained the six months' provision, petitioner contended that the prison board was required to fix his term upon the expiration of the six-month period. The court stated, "we do not concede" to that contention, holding that the failure to do so does not invalidate the judgment of commitment nor entitle petitioner to his discharge from custody—which was all petitioner sought. It is stated, pages 670-671: "Regardless of whether the board is authorized to defer the fixing of a term of imprisonment for two years after the commencement thereof, on account of the prisoner's having suffered a prior conviction of a felony, or otherwise, which question is unnecessary for us to determine, that failure is not ground for the release of the petitioner in this case because it appears that he has not completed the service of his sentence. He is nevertheless lawfully restrained of his liberty. He is still held under a valid unexpired judgment of imprisonment. The indeterminate sentence, in legal effect, is a commitment for the maximum term prescribed by law, which in the present case is six years." The case also holds that "The writ of habeas corpus is not the proper remedy to compel a ministerial board to perform a duty required by law"; however, the writ has been used in other cases for similar purposes—where unusual circumstances exist or are so important as to justify an extraordinary remedy. (*In re Seeley,* 29 Cal.2d 294, 296 [176 P.2d 24] ; *In re McVickers,* 29 Cal.2d 264 [176 P.2d 40] ; *In re Harris,* 80 Cal.App.2d 173, 181 [181 P.2d 433] ; *In re Galloway,* 78 Cal.App.2d 880 [178 P.2d 469] ; 2 Witkin, Cal. Crimes, §§ 1024, 1025, pp. 969, 970.)

Petitioner herein does not contend that he is entitled to immediate release; he does not want the fixing of the term of his sentence to be deferred by what he asserts is a mistaken belief that section 1202b does not apply to sentences under the narcotic laws specifying a longer minimum. It would seem that petitioner is entitled to a "timely" determination of his sentence (cf., *In re Mills,* 55 Cal.2d 646, 653 [12 Cal. Rptr. 483, 361 P.2d 15]), but the Adult Authority has concluded that it is timely if determined six months prior to release eligibility. Referring to the *Mills* case, it is stated in *Azeria* v. *California Adult Authority,* 193 Cal.App.2d 1,

4-5 [13 Cal.Rptr. 839]: ''The most recent decision of the Supreme Court as to the powers and duties of the Authority is *In re Mills*, 55 Cal.2d 646 [12 Cal.Rptr. 483, 361 P.2d 15]. As there held, petitioner, 'has no vested right to serve less than' the maximum term for which he was sentenced (p. 653), here five years. He has no right to have his case determined in a particular way (p. 653). His sentence is for the maximum until the Authority acts to fix a shorter term, and the Authority may act by considering his case and declining to reduce the maximum (p. 653). The decision of the Authority to postpone further consideration for one year left the maximum term in effect; this is 'action' by the Authority.''

In the instant case, the placing of petitioner upon the January 1966 calendar was ''action'' by the authority. It would appear that, in its discretion, the authority may postpone determination of sentence to the expiration of the time when petitioner would be eligible for parole. In *In re Harris*, 80 Cal.App.2d 173, 178-181 [181 P.2d 433], it was held, under the circumstances there presented, this was a reasonable procedure.

In the *Harris* case, although petitioner's minimum sentence under his judgment was one year, the statute relating to parole, in effect, fixed a minimum sentence of two years. In the instant case, the judgment, applying Penal Code section 1202b, fixed a minimum sentence of six months, but section 11531 of the Health and Safety Code provides for no release under any circumstances for three years—which the authority has construed to mean a minimum sentence of three years.

Accordingly, the determination of the instant case depends upon which of the pertinent statutes, Penal Code section 1202b or section 11531 of the Health and Safety Code, is controlling. It is our conclusion that the Penal Code section must prevail, permitting the trial court to specify a six months' minimum imprisonment for defendants under the age of 23 years.

Such conclusion is reached, first, because section 1202b should be deemed a special act and not a general law when interpreted with reference to section 11531 of the Health and Safety Code, and therefore considered as an exception thereto notwithstanding the latter section was enacted in 1961, the former in 1959. The rule is well established that where a general statute, standing alone, in-

cludes the same matter as a special statute, and thus conflicts with it, the special act is to be considered as an exception to the general statute, whether it was passed before or after the general enactment. (*In re Williamson,* 43 Cal.2d 651, 654 [276 P.2d 593] ; *People* v. *Fiene,* 226 Cal.App.2d 305, 308 [37 Cal.Rptr. 925] ; *People* v. *Swann,* 213 Cal.App.2d 447, 449 [28 Cal.Rptr. 830].) ■ "A statute which affects all the individuals of a class is a general law, while one which relates to particular persons or things of a class is special." (*McDonald* v. *Conniff,* 99 Cal. 386, 391 [34 P. 71].) ■ The very wording of the two sections here involved distinguishes the Penal Code section as a "special" statute, extracting from all defendants who are convicted of felonies "particular persons" of that class who are under the age of 23 years. Section 11531 of the Health and Safety Code, on the other hand, is generic, commencing with the words, "*Every person* who ... sells ... marijuana ... shall not be eligible for release ... on parole ... until he has served not less than three years" (Italics added.) In section 1202b the wording, " ... notwithstanding any other provision of law fixing or affecting the penalty for the offense . . . ," is deemed to have been prospectively intended and should so operate unless specifically repealed or modified by subsequent legislation. Repeal by implication is not warranted in this context.

Secondly, the primary purpose of the creation of the Youth Authority bespeaks the interpretation the Legislature intended should be accorded the two sections. Section 1700 of the Welfare and Institutions Code provides, "The purpose of this chapter is to protect society more effectively by substituting for retributive punishment methods of training and treatment directed toward the correction and rehabilitation of young persons found guilty of public offenses. To this end it is the intent of the Legislature that the chapter be liberally interpreted in conformity with its declared purpose."

Also, it has been considered by the Supreme Court that the purpose of the Legislature in enacting the Youth Authority Act was that as to youthful offenders within the limits prescribed, the Indeterminate Sentence Law and the Youth Authority Act should be construed and applied to work together as complementary parts of a more enlightened penal system. (*People* v. *Ralph,* 24 Cal.2d 575, 580 [150 P.2d 401].)

■ We therefore hold that the discretionary power of the trial court to determine a minimum imprisonment of six

months for youthful offenders remains unimpaired; that as a result thereof, in the instant case, and in all cases wherein section 1202b of the Penal Code is applied by the trial court, the Adult Authority should complement the work of the Youth Authority to effectuate its declared purpose, the rehabilitation of young persons, and should establish a hearing date for the determination of term of sentence and eligibility for parole at a date prior to the expiration of the minimum term under section 1202b. In this case the minimum term of sentence has been established as six months. Also, the Adult Authority should, consistently, consider that the mandatory three-year period of imprisonment prescribed in section 11531 of the Health and Safety Code should not apply to youthful offenders sentenced under section 1202b.

The writ is granted and the Adult Authority is directed to vacate petitioner's placement upon the Adult Calendar in January 1966 and reset same in accordance herewith.

Jefferson, J., and Kingsley, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 15, 1964.