Frank STURM, Appellant,

v.

CALIFORNIA ADULT AUTHORITY, Lawrence E. Wilson, Warden of San Quentin State Prison, California, et al., Appellees.

No. 22072.

United States Court of Appeals
Ninth Circuit.

Dec. 21, 1967.

Rehearing Denied April 5, 1968.

Frank Sturm, in pro. per.

Thomas C. Lynch, Atty. Gen., John T. Murrhy, Joyce P. Nedde, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM.

In March 1957 appellant and a codefendant were convicted of first degree robbery [Cal.Pen.Code, § 211] and were both sentenced to imprisonment for the term prescribed by law, which is from five years to life. (Cal.Pen.Code, §§ 213, 671, 1168). In 1959 the California Adult Authority, pursuant to Cal.Pen.Code, § 5077, fixed the indeterminate sentences of appellant and his codefendant at six years. Because of an infraction of the prison rules by appellant, the Adult Authority in 1960 rescinded its previous determination of appellant's term. (Cal. Pen.Code, § 3020). In July 1962, after appellant had again broken prison rules, the Adult Authority redetermined his sentence at a term of ten and one-half years pursuant to Cal.Pen.Code, § 3020. Appellant was released on parole in October 1962, but his parole was cancelled in September 1963; he is now serving his redetermined ten and one-half year term. While appellant remains incarcerated, his codefendant has been discharged after

completion of his sentence as originally fixed by the Adult Authority.

Appellant has unsuccessfully sought a writ of habeas corpus in the state courts challenging his continued incarceration. In March 1967 appellant petitioned for a writ of habeas corpus in the United States District Court, but his petition was denied without a hearing or the issuance of an order to show cause. He appeals from the District Court's denial of his petition for habeas corpus, challenging his continued incarceration on several grounds.

■ First, appellant argues that he was denied due process because the Adult Authority, by redetermining his sentence after it had once been fixed, acted outside its statutory authority under Cal. Pen.Code §§ 3020, 5077. The California courts, however, have consistently held that:

> "[t]he Adult Authority, by statute, has exclusive jurisdiction to fix the length of time a prisoner must serve within the limits of an indeterminate sentence. (Pen.Code §§ 3020, 5077.) One who is legally convicted has no vested right to the determination of his sentence at less than maximum [citations], and hence the authority 'may redetermine such sentences as conditions require'." In re Schoengarth, 66 Adv.Cal. 288, 295, 57 Cal.Rptr. 600, 604, 425 P.2d 200, 204 (1967).

The California Supreme Court has explained that the original trial and conviction resulted in the "imposition of a sentence that was indeterminate, and until fixed, amounted to a maximum sentence provided for the crime in question. When the Authority reduces a maximum sentence, its action, in the nature of things, is tentative and may be changed for cause." In re McLain, 55 Cal.2d 78, 85, 9 Cal.Rptr. 824, 829, 357 P.2d 1080, 1085 (1960), appeal dismissed, cert. denied, 368 U.S. 10, 82 S.Ct. 18, 7 L.Ed.2d 18 (1961). The California courts have clearly recognized the statutory authorization for the Adult Authority to redetermine a sentence; this court has pre-

viously stated that a state court's interpretation of its statute does not raise a federal question. In re Costello, 262 F.2d 214 (9th Cir. 1958) (per curiam).

■■ Appellant next contends that the redetermination of his sentence from six years to ten and one-half years was, in reality, a consecutive four and one-half year sentence for his infractions of the prison rules. Appellant contends that this penalty is excessive and constitutes cruel and unusual punishment under the eighth amendment. The basic premise of appellant's argument—that his sentence for the robbery conviction was permanently determined at six years—is incorrect. As noted previously, all indeterminate sentences are for the maximum, and any determination by the Adult Authority is only tentative. Therefore, it is not accurate to characterize the redetermination of the appellant's sentence as an imposition of any penalty for the infractions, when the redetermined sentence was within the limits of the penalty for his conviction.

■ Appellant also asserts that the statutory provisions empowering the Adult Authority to determine sentences constitute an illegal delegation of authority by the California Legislature. Again, however, no federal question is raised by this claim, for such matters are for determination by the State. Dreyer v. People of State of Illinois, 187 U.S. 71, 84, 23 S.Ct. 28, 47 L.Ed. 79 (1902).

■ Finally, appellant argues that since his codefendant has been released, his continued imprisonment violates equal protection. The equal protection clause of the Fourteenth Amendment requires only that state laws be applied uniformly to situations that cannot be reasonably distinguished. Baxstrom v. Herold, 383 U.S. 107, 111, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966). The California court has pointed out that "[a] major purpose of the indeterminate sentence law, Penal Code, §§ 1168, 3020 et seq., is to permit individual treatment of offenders, according to the best judgment of the authority. It follows that the fact that

other prisoners have had their sentence reduced, or been granted parole, affords no ground for complaint by petitioner." Azeria v. California Adult Authority, 193 Cal.App.2d 1, 5, 13 Cal.Rptr. 839, 842 (1961) (Duniway, J.). Here, appellant had twice violated prison rules and it was not unreasonable for the Adult Authority to treat him differently than his codefendant.

None of appellant's claims has merit; the District Court's order denying the petition for habeas corpus is therefore affirmed.

### On Petition for Rehearing

The petition of appellant for rehearing is denied.

BROWNING, Circuit Judge (concurring):

No doubt the State of California may adopt a system of indeterminate sentencing and create a non-judicial agency to administer the system without violating the Constitution of the United States. But the existence of this power does not imply a further power in the State to immunize its acts, through its administrative agency, from the strictures of the Fourteenth Amendment.

The judicial imposition of a life sentence upon appellant is no more than a legislatively mandated device for transferring the sentencing function from the State court to the State administrative agency with a grant of jurisdiction over appellant's person for a period sufficiently long to enable the agency to perform its functions under the State's indeterminate sentencing law. Use of that device cannot be seized upon as a means to validate whatever action the administrative agency might subsequently choose to take, no matter how seriously the appellant might be injured, and without regard to whether the agency's action was arbitrary, basically unfair, or invidiously discriminatory.

When the California Adult Authority entered its order of July 3, 1962, refixing appellant's sentence at ten and one-half years, it substantially extended the prison term which appellant would be required to serve. Appellant's challenge to the constitutionality of that order cannot be answered by pretending that nothing really occurred, merely because a State court, five years earlier, had entered an order fixing appellant's maximum term at life. The action of the Board was State action. It deprived appellant of liberty; if it did so "without due process of law," or denied appellant "the equal protection of the laws," it offended the Fourteenth Amendment.

Appellant does not contend that the procedures followed by the Adult Authority failed to satisfy due process standards, and it is therefore unnecessary to consider that problem. The disclosure in appellant's pleading that he twice violated prison rules, in the absence of any allegation that his co-defendant acted similarly, is, as the court points out, in itself a sufficient answer to the contention that he was denied equal protection of the law by his continued incarceration after the release of his co-defendant.

Appellant's remaining contention is that, in practical effect, he was sentenced to an additional four and one-half year term for infraction of prison rules; and that this penalty was so "all out of proportion" to the offense that it constituted cruel and unusual punishment in violation of the Eighth, and hence of the Fourteenth, Amendment. Robinson v. State of California, 370 U.S. 660, 666–667, 82 S.Ct. 1417, 8 L.Ed. 758 (1962).

Whether viewed as appellant views it—as a cruel and unusual punishment—or as a result so irrational and arbitrary as to violate substantive due process, the State's action cannot be justified simply by giving talismanic effect to the judicially imposed maximum sentence. It is no more helpful for us to "characterize" the addition of four and one-half years to appellant's sentence as part of the penalty for his original offense, than it is for appellant to "characterize" it as a penalty for the infractions. What the State did, however it is characterized, must still be measured against the limitations imposed

by the Constitution. If, for example, appellant had alleged facts from which it appeared that the Adult Authority had increased the time he must actually serve from six to sixty years for a trivial infraction, or for no reason at all, it would surely be no answer to a due process challenge to say that since "all indeterminate sentences are for the maximum," and since sixty years is less than life, the Authority's action redetermining the time appellant must actually serve could not be questioned. Appellant may have no "right" to be imprisoned for less than his whole life; but he is entitled to have the time he must serve determined in a manner consistent with the Constitution. Cf. Cafeteria & Restaurant Workers Union Local 473, A.F.L.–C.I.O. v. McElroy, 367 U.S. 886, 894, 81 S.Ct. 1743, 6 L.Ed. 2d 1230 (1961); Hannah v. Larche, 363 U.S. 420, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); Wieman v. Updegraff, 344 U.S. 183, 191–192, 73 S.Ct. 215, 97 L.Ed. 216 (1952). See also Davis, Administrative Law § 7.16, § 30.05 (1958, 1965 Supp.).

Moreover, it seems inconsistent at the least to say that appellant's equal protection argument must fail because his longer term was justified by the infractions of prison regulations and that his due process contention must fail because his longer term was not a "penalty" for those infractions.

The real difficulty with appellant's claim is that although he alleges in conclusory form that the additional four and one-half year penalty was imposed for infractions of the rules, he reveals none of the facts regarding the nature of the rules or the circumstances surrounding their infraction which would be essential to any review of the State's action in the light of constitutional requirements. Although the district court called attention to the absence of allegations to support appellant's conclusory averments, appellant made no effort to correct the omission. Dismissal was therefore proper. Williams v. Dunbar, 377 F.2d 505, 506, (9th Cir. 1967).