[Civ. No. 8997. First Appellate District, Division Two.—September 22, 1933.]

P. M. DELIJIAN, Appellant, v. BARNETT ROSENBURG et al., Respondents.

Y. B. Arsen for Appellant.

Nathan O. Freedman and A. Wm. Christlieb for Respondents.

OGDEN, J., *pro tem.*—This is an appeal from a judgment in favor of the defendants rendered after trial by the court sitting without a jury.

Appellant first complains of the failure of the trial court to make and file written findings of fact and conclusions of law. The minutes of the court recite that the same

were waived. Appellant seeks to overcome the effect of such recital by reference to a stipulation, signed by counsel for both parties and filed in the trial court after the entry of judgment, to the effect that written findings were in fact not waived and that the minutes of the court are erroneous. The record discloses no motion for the correction of the minute entry or order made to that effect. The stipulation was not binding upon the trial court. It was for the court, not counsel, to determine whether its record was erroneous. Upon this appeal we must assume the record to be correct and that written findings were duly waived. The sole question left for us to determine is, therefore, whether the judgment can be sustained by the evidence.

The defendants were the proprietors of a cigar-stand situated in the lobby of an office building, the floor space thereof being occupied under written lease from the owners of the building. This lease contained a clause providing in the usual form that it could not be assigned or the premises subleased without the written consent of the lessor, and that any such attempted assignment or sublease would be cause for cancellation of the lease at the option of the lessor. On September 20, 1929, plaintiff purchased from defendants the stock, fixtures and goodwill of the cigar-stand for the sum of $3,500, which was paid in full. On the same day the parties entered into a written agreement subleasing the premises to plaintiff for the balance of the term and upon the same conditions of tenancy as contained in the original lease. Plaintiff thereupon took immediate possession and commenced the operation of the stand. At the conclusion of the agreement of sublease was typed a provision for the consent thereto of the owners of the building. This, however, was never signed, the defendants being unable to secure the written consent of their lessor to either the sublease or to an assignment of the lease, due to the fear of the latter that they might thereby become involved in a possible dispute between plaintiff and defendants with reference to a deposit of $2,000 held as security for the faithful performance of the terms of the lease and to be applied on the last month's rental. Because of the failure by defendants to secure such written consent plaintiff bases his claim for damages and the right to rescind.

■ Plaintiff contended at the trial that, although he took immediate possession of the cigar-stand, it was understood that the entire transaction was to be dependent upon the securing of the written consent of defendants' lessor to the sublease, and that the purchase was not to be considered consummated until such consent was secured. There was, however, ample evidence to warrant the contrary conclusion that the purchase of the stand was fully consummated.

■ Although we find nothing in the agreement of sublease to support defendants' contention that they were not obligated to secure the consent of their lessor thereto until plaintiff reimbursed them in full for the advanced deposit of $2,000, we are satisfied with the correctness of the conclusion reached by the trial court. Plaintiff remained in possession and operated the stand until the month of February, 1931, a period of seventeen months, at which time he voluntarily quit the premises. He made payments of rent directly to the owners of the building, who at no time indicated or made any objection to his occupancy. The sole reason given for their refusal to sign the consent was, as before stated, to avoid any dispute with reference to the $2,000 deposit. If, as the trial court might well have concluded, the owners of the building consented in fact to the sublease and waived the provision requiring that such consent be in writing, plaintiff was not injured and had no cause for complaint.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.