[Crim. No. 3210. First Dist., Div. Two. May 28, 1956.]

THE PEOPLE, Respondent, v. SAMUEL D. BRUCE, Appellant.

Samuel D. Bruce, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and John S. McInerny, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant Bruce appeals from the judgment convicting him jointly with the defendants Davis and Shrimp on two counts of robbery in the first degree after a trial without a jury. He was charged separately with the robbery of one Yee Wah but after his conviction of the other robberies the information charging the robbery of Yee was dismissed.

Yee testified that about 1 a. m. on April 29, 1955, while he was walking on Stockton Street in San Francisco the appellant Bruce approached him, struck him and took some money from his person. There was another man with Bruce on the sidewalk and a third man in a parked automobile. After robbing him appellant got into the automobile and it was driven away. Yee did not identify the other men.

The witness Ziobro testified that at about 1:30 a. m. of the same morning his wallet and pen and pencil set were taken forcibly from him by two men in the vicinity of Folsom and Third Streets. He could not identify his assailants.

The witness Henderson testified that about 2:15 a. m. on the same day on Hyde Street near O'Farrell a man jumped out of an automobile, threatened him with a pistol and took from him about $4.00 in silver and his checkbook and a memorandum book. He saw two other persons in the automobile but could not identify them. He identified his assailant

as the defendant Shrimp. As Shrimp was leaving in the automobile a sailor arrived and called out the license number of the car.

The testimony of the sailor, Michaels, given at the preliminary hearing was read after proof that he was then in service overseas. Michaels also identified Shrimp as Henderson's assailant and fixed the license number of the automobile as 7B11298. Michaels also saw two other persons in the car whom he could not identify. He walked to the Northern Police Station and reported the robbery, giving the license number of the automobile.

At about 2:35 a. m. Officers Martin and Horan, acting on the information given by Michaels, stopped an automobile bearing License Number 7B11298 in which the three defendants were riding. A search of Davis disclosed on his person the wallet taken from Ziobro and a pen and pencil set similar to Ziobro's. A pistol was found in the car which Davis admitted was his.

Appellant testified that he was in his hotel room from 8:30 in the evening of April 28, 1955, until 2:15 a. m. when he went down to the lobby where he met Davis and Shrimp by chance. The three had just started in Davis' car to go to a restaurant when they were arrested. Davis and Shrimp corroborated this testimony, although one of the officers testified that Davis had told him in appellant's presence that they had met appellant on Geary Street.

While the evidence of appellant's participation in the robberies of Ziobro and Henderson is entirely circumstantial, it is sufficient to support the judgment.

Yee identified appellant as the man who robbed him at 1 a. m. He placed him in the company of two others in an automobile. This evidence, if believed, also destroys appellant's alibi that he was in his hotel room until 2:15. Henderson was robbed by Shrimp at 2:15 in the company of two others in the same automobile in which the three defendants were arrested at 2:35, and Davis had on his person the wallet taken from Ziobro by two men at 1:30. From these circumstances the court could reasonably find that the three defendants perpetrated the three robberies.

Appellant's complaint that he was not brought to trial within the time provided in Penal Code, section 1382, is not open to him, since he went to trial without objection. (*People* v. *O'Leary*, 130 Cal.App.2d 430 [278 P.2d 933].)

He was sentenced on the same day that his application

for probation was denied and time of sentence may be extended to consider the report of the probation officer where probation is applied for. (Pen. Code, § 1191.) ■ He has no valid ground of complaint of this delay, and in any event the time fixed for sentence is not jurisdictional. (*People* v. *Williams*, 24 Cal.2d 848, 850 [151 P.2d 244].)

■ The court sentenced him "for the term prescribed by law." This is the proper form of sentence (Pen. Code, § 1168) and can furnish no basis for appellant's claim that he was sentenced for the wrong term.

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied June 12, 1956.