[Crim. No. 6766. In Bank. Apr. 20, 1961.]

In re JAMES MILLS on Habeas Corpus.

Marcus Vanderlaan, under appointment by the Supreme Court, for Petitioner.

Stanley Mosk, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

WHITE, J.—James Mills, an inmate of the state prison at Folsom, petitions for a writ of habeas corpus on the ground that the judgment under which he was convicted was void and is a nullity, and that the Adult Authority's present refusal to fix his indeterminate sentence is a denial of due process.

From matters set forth in the petition and in the return to our order to show cause directed to Robert A. Heinze, Warden of the Folsom State Prison, it appears that the petitioner and a codefendant were charged by information of an "attempt to violate Section 211 of the Penal Code (Robbery), in that on or about December 28, 1952 in the County of Riverside, State of California, they did wilfully and unlawfully and forcibly attempt to take from the person and

immediate presence of Elmer Wetenkamp, personal property, to wit, lawful money of the United States, in the possession of the said Elmer Wetenkamp, which said attempt was then and there without the consent and against the will of the said Elmer Wetenkamp, and was then and there attempted as aforesaid, by the defendants . . . by means of force used by said defendants upon and against the said Elmer Wetenkamp, and by said defendants then and there putting the said Elmer Wetenkamp in fear.

"That at the time of the commission of said offense, said defendants were armed with a deadly weapon, to wit, a sawed-off .12 gauge shotgun.'' Section 211 of the Penal Code defines what constitutes robbery. An attempt to commit a crime is made punishable elsewhere in the code. (See Pen. Code, § 664.)

[██] The minutes of the court recite, on January 6, 1953, that on arraignment, "Each defendant enters a plea of Guilty to the offense as charged in the Information.'' We must presume that the information was read to the defendant and that he was supplied with a copy thereof. (Pen. Code, § 988.) The matter was continued to January 23, 1953, pending the investigation and report of the probation officer.

On January 23, 1953, the minutes of the court, in the recitals prior to the order, state that the matter came on for hearing the "Probation Officer's Report and pronouncing judgment for violation of section 211 of the Penal Code.'' The minutes further recite as follows:

"As to defendant JAMES EDWARD MILLS:

"IT IS ORDERED that the defendant be and he is hereby committed to the State Prison for the term prescribed by law.

"It is further ordered that the Sheriff of Riverside County take and deliver said JAMES EDWARD MILLS into the custody of the Director of the California Institution for Men, Chino, California.''

The form of the judgment itself, as required by section 1207 of the Penal Code to be "filed with the papers in the case,'' has not been lodged with this court. But on January 27, 1953, the petitioner was received at the Chino Guidance Center accompanied by a purported abstract of judgment. (Pen. Code, §§ 1213, 1213.5.) That abstract recited that the petitioner was convicted on his plea of guilty "of the crime of Robbery, in the first degree, in violation of section 211 of the Penal Code.'' This error continued to exist in all pro-

ceedings thereafter taken before the Adult Authority concerning the petitioner, until corrected as hereinafter appears.

On February 21, 1953, the superintendent of the institution at Chino received a warrant for a detainer of the petitioner from the Sheriff of Leon County, Florida. On July 8, 1954, with the detainer before it as a matter of record, the Adult Authority fixed petitioner's term at five years, with two years and nine months thereof to be on parole.

On August 13, 1954, the Florida authorities withdrew their warrant, and the Adult Authority rescinded its action of July 8 and placed the matter on the December 6, 1954, review calendar. On that date the Adult Authority postponed further action for one calendar year. On December 6, 1955, the Adult Authority again postponed further consideration until the June 1956 calendar.

On February 2, 1956, petitioner committed an infraction of prison rules, was found guilty by the disciplinary committee, and the Adult Authority ordered his credits forfeited and continued further consideration of the case to the August 1, 1956, calendar. On that date petitioner's term was fixed at six and one-half years, with two years thereof to be on parole.

On July 29, 1957, petitioner was released on parole. Two days later, on July 31, he violated the conditions of his parole by changing his place of residence without reporting to his parole officer, and on August 5, 1957, he was arrested in Salt Lake City, Utah, for robbery allegedly committed in Nevada. Thereafter the Adult Authority, on November 8, 1957, suspended the petitioner's parole and refixed his sentence at maximum.

On December 21, 1959, the petitioner was released from the Nevada State Penitentiary, following his conviction for robbery in that state, and was returned to the California authorities. An additional suspension report was filed by the Division of Adult Paroles, disclosing that additional parole violations had been committed by the petitioner prior to his Utah arrest in that he had purchased a gun in Reno, Nevada, had associated with another ex-convict and had committed another robbery while on parole. On March 1, 1960, after petitioner plead guilty to all charges of parole violation, parole was revoked and petitioner's case put on the December 1962 calendar for further consideration.

It was not until April 21, 1960, that the Adult Authority received a corrected abstract of judgment in the petitioner's case, showing the conviction to be for attempted rather than

accomplished robbery in the first degree. The corrected abstract recites that the petitioner was "convicted by Court; on his plea of guilty; of the crime of Attempted Robbery, fixed at first degree in violation of Sec. 211 of the Penal Code. . . ." Thereafter, on May 23, 1960, at a special calendar the Adult Authority reconsidered and acted on petitioner's case, and at that time concluded to continue the sentence at maximum until the June 1961 calendar, where the matter rests at this time.

Petitioner claims first that he was charged with an attempt but convicted of an accomplished robbery, and that the conviction, therefore, is void. He seeks his release or a new trial. The documentary evidence fails to furnish convincing support for the contention. The information, while not specifically charging a violation under section 664 of the Penal Code, nevertheless sufficiently apprised the petitioner that he was charged with an attempt to commit a crime in "words sufficient to give the accused notice of the offense of which he is accused." (Pen. Code, § 952.) The minutes of January 6, 1953, reveal that the petitioner pleaded guilty "to the offense as charged in the Information." Insofar as the minutes of January 23 show, the judgment was that the petitioner be "committed to the State Prison for the term prescribed by law." It is true that a recital contained in the minutes on that date erroneously refers to a violation of section 211 of the Penal Code, rather than an attempt to violate section 211, or a violation of section 664 of the Penal Code. But it is not shown that the judgment itself purported to be an adjudication of a conviction of accomplished robbery. In fact, the corrected abstract of judgment states, under the certificate of the clerk of the court, that the petitioner was convicted of attempted robbery and sentenced to the term prescribed by law therefor. The certification contained in the earlier abstract to the effect that petitioner had been convicted of accomplished robbery must be deemed a misprision which the court may correct and has corrected on its own motion. (Code Civ. Proc., § 473.) Thus, as a matter of the trial court's record, the petitioner stands convicted of attempted robbery of the first degree.

The instant situation finds some similarity to that in *People v. Johnson,* 71 Cal. 384 [12 P. 261]. In that case the defendant was charged by information with embezzlement, and the verdict was guilty as charged. When he was arraigned for judgment he was informed by the court that he had been charged with and convicted of grand larceny. It further

appears from the minutes that the court rendered judgment against the defendant on the supposition that he had "been duly convicted in this court of the crime of grand larceny," and sentenced him accordingly. The court there held that it was error to apply the misnomer to the offense charged in the information and to render a judgment for a crime different than that charged. But, the court held, it being established that the defendant had knowledge of the nature of the crime charged in the information, he was not injured by the misnomer even though the effect of the error was the entry of an improper judgment against him. It was held that the accused was entitled to the pronouncement of a new judgment, on due notice by the court. The court stated at page 388 : "Nevertheless, as the defendant has already had his day in court during the proceedings preliminary to the rendition of judgment, with an opportunity to show legal cause why judgment should not be pronounced against him, the court is simply to render judgment as required by law upon a conviction for embezzlement, which judgment the clerk is to enter as rendered. In other words, the proceedings are to be taken up at the point when they ceased to be sufficiently regular, and are to be regularly completed."

The only relief to which the defendant was entitled in the Johnson case was the rendition of a proper judgment. In the instant case it appears from the court records that a proper judgment was rendered, and certified to in the corrected abstract of judgment. We are bound by the record as certified. (*Delijian* v. *Rosenburg,* 134 Cal.App. 264 [25 P.2d 228] ; *Brush* v. *Pacific Electric Ry. Co.,* 58 Cal.App. 501 [208 P. 997].) Accordingly there is no relief to which the petitioner might be entitled by further proceedings in the trial court, and in no event is he entitled to his release or a new trial.

For the crime of attempted robbery of the first degree committed by a person armed with a deadly weapon there is a minimum prison term of two years (Pen. Code, § 3024, subd. (a)), and a maximum term of 20 years (Pen. Code, § 664, subd. 1). For accomplished robbery in the first degree the minimum prison term is five years (Pen. Code, § 213, subd. 1), with a maximum term of life imprisonment (Pen. Code, § 671).

 Petitioner was entitled to an abstract of judgment which correctly set forth the offense of which he was convicted. (*United States* v. *Daugherty,* 269 U.S. 360, 363 [46

S.Ct. 156, 70 L.Ed. 309]; *In re Pedrini*, 33 Cal.2d 876, 880 [206 P.2d 699]; Pen. Code, § 1213.5, subd. (a) (1).) **[6]** But despite the error in the abstract of judgment, petitioner is not necessarily entitled to be discharged. He was lawfully convicted of an offense for which the maximum sentence is 20 years, and he has no vested right to serve less than that maximum. (*In re Smith*, 33 Cal.2d 797, 804 [205 P.2d 662].) He has served less than six years since his original confinement.[1]

 Petitioner's claim that the Adult Authority has failed to act to redetermine his sentence following notification of the corrected abstract of judgment is not borne out by the record. Petitioner is undoubtedly entitled to a timely determination of his sentence on a true and correct record by the Adult Authority (*In re Bramble*, 31 Cal.2d 43, 53-54 [187 P.2d 411]; *In re Drake*, 38 Cal.2d 195, 198-199 [238 P.2d 566]; *In re Seeley*, 29 Cal.2d 294, 303 [176 P.2d 24]), but he has manifestly been accorded that right without any undue delay. (See *In re Harris*, 80 Cal.App.2d 173, 180 [181 P.2d 433].) Within approximately one month after the receipt of the corrected abstract of judgment, the Adult Authority reconsidered the petitioner's case at a special calendar on May 23, 1960, in light of the true facts. In view of the numerous parole violations admitted by the petitioner no abuse of authority is indicated by the determination of the Adult Authority at that time to continue the sentence at maximum, and to again reconsider the term on the June 1961 calendar, well within the period of the maximum sentence for attempted robbery of the first degree. Petitioner has no legitimate complaint as he is entitled only to have the Adult Authority consider and determine his case. He is not entitled to have it determined in a particular way. It is fundamental to the indeterminate sentence law that every such sentence is for the maximum unless and until the Authority acts to fix a shorter term. The Authority may act just as validly by considering the case and then declining to reduce

---

[1]Petitioner commenced his indeterminate sentence at the Chino Guidance Center on January 27, 1953. (Pen. Code, § 2900.) He was released on parole on July 29, 1957, and parole was suspended on November 8, 1957, following his arrest and confinement in Nevada. At that time the petitioner had served in prison and on unsuspended and unrevoked parole 4 years, 9 months and 12 days of his sentence. Thereafter he was returned to the custody of California authorities on December 21, 1959, and until the time of filing the present petition on October 3, 1960, served an additional 9 months and 12 days, for an aggregate of 5 years, 6 months and 24 days.

the term as by entering an order reducing it. As said in *People* v. *Harmon*, 54 Cal.2d 9 at page 16 [4 Cal.Rptr. 161, 351 P.2d 329] : ''In the case of a life term convict who the Authority does not believe merits a lesser term it may, and customarily does, act by simply refraining from fixing his term at a span of years. Since by statute he is already serving a life term there is no occasion for the Authority to re-declare the fact.'' (See also *People* v. *Wells*, 33 Cal.2d 330, 336 [202 P.2d 53] ; *In re Wells*, 35 Cal.2d 889, 891 [221 P.2d 947].) The principle of law is, of course, the same whether we are dealing with a maximum term of life or a maximum term of years. Certainly petitioner's record before the Adult Authority furnished compelling reasons to continue the matter at maximum pending further consideration.

We are of the view that the petition presents no grounds for judicial interference with the orderly administration of the indeterminate sentence provisions of the Penal Code, which is vested in the Adult Authority. The petitioner is, and has been at all times, properly confined. He is not now entitled to be discharged, nor has any matter been brought to our attention from which we might conclude that at any time was he entitled to a discharge. He was for some period of time entitled to a determination of his sentence on a true and correct record, and this has been accorded him. If he is entitled to particular consideration because his record did not always reflect the correct judgment, then this is a matter for the Adult Authority to take into consideration with the other factors bearing on the fixing of the petitioner's sentence, and this court should not interfere with a proper exercise of discretion by the Adult Authority based on such factors. Since there exists no compelling reason to doubt that the Adult Authority has properly considered the various factors and with equal propriety has exercised its discretion thereon, we are without authority to substitute our judgment for that of the duly constituted tribunal to which the determination of these matters is committed.

For the foregoing reasons the order to show cause is discharged, and the petition denied.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J., concurred.

Petitioner's application for a rehearing was denied May 16, 1961.