[Crim. No. 20573. First Dist., Div. One. Dec. 30, 1980.]

In re ALONZO EUGENE NEAL on Habeas Corpus.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney

General, Karl S. Mayer and Kenneth C. Young, Deputy Attorneys General, for Appellant.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Wendy Shane, Deputy State Public Defender, for Petitioner.

OPINION

**RACANELLI, P. J.**—On appeal from a final order granting habeas corpus relief, the People claim that the former Community Release Board (now Board of Prison Terms, herein Board) could properly consider defendant's personal use of a firearm in adding two years to the term fixed for defendant's parole eligibility on his indeterminate life sentence for conviction of first degree murder. Renewing the argument successfully advanced below, defendant contends that the challenged firearm enhancement may not be validly superimposed upon a term of life imprisonment which can only terminate upon death or pardon but not upon parole. (See Pen. Code, § 3056[1]; *People v. Walker* (1976) 18 Cal.3d 232, 243-244 [133 Cal.Rptr. 520, 555 P.2d 306]; see also *People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 726 [135 Cal.Rptr. 392, 557 P.2d 976].) Defendant's contention fails to survive critical analysis herein.

*Facts*

In 1973 defendant, convicted in Alameda County of the first degree murder of a taxicab driver whom he had robbed, was sentenced to "the term prescribed by law," i.e., life imprisonment. (Former §§ 190, 1168.) On January 3, 1979, the Board determined defendant's parole release date and calculated his period of confinement at 19 years (17 years "base term" plus 2 years for firearm use). Thereafter, defendant's petition for habeas corpus seeking to compel the Board to strike the additional 2 years was granted and the Board was ordered to reduce defendant's term to 17 years. Following denial of the People's request for reconsideration, this appeal ensued.[2]

[1]All section references are to the Penal Code.

[2]The prosecutor originally concluded that defendant's application was meritorious, a circumstance understandably relied upon by the trial court in rendering its decision. Of course, the fact of a prosecutor's erroneous conclusion or stipulation would not be binding upon the court. (See *People v. Jones* (1936) 6 Cal.2d 554 [59 P.2d 89].)

## Discussion

■ Relying principally on the holding in *People* v. *Walker, supra,* 18 Cal.3d 232, defendant argues that the trial court acted properly in striking the firearm enhancement from defendant's term of imprisonment. The argument is wide of its mark for two reasons.

First, *Walker* arose under the Indeterminate Sentence Law (ISL) in the context of a *sentence* enhancement. Under that law, the trial court was empowered only to impose sentence for the term prescribed by law (see *People* v. *Bruce* (1956) 141 Cal.App.2d 854, 857 [297 P.2d 437]), and the Adult Authority fixed the actual length of the prison term. (See former §§ 1168, 3020.) In addition, a sentence under the ISL was in legal effect a sentence for the maximum term. (*In re Mills* (1961) 55 Cal.2d 646, 653 [12 Cal.Rptr. 483, 361 P.2d 15].) Thus, once the defendant was released on parole by the Adult Authority, he nonetheless remained in "legal custody of the department [of corrections]" for the duration of the maximum term. (§ 3056; see *People* v. *Prochnau* (1967) 251 Cal.App.2d 22, 27 [59 Cal.Rptr. 265].) The *Walker* court reasoned that since the defendant's sentence of life imprisonment would continue until his death or pardon, logically he could never serve the additional minimum five-year penalty for firearm use which former section 12022.5 provided was to commence "upon expiration or other termination of the [life] sentence ...." (18 Cal.3d at p. 243.)

With the advent of the 1976 determinate sentencing law, as amended, (DSL) such line of reasoning is no longer applicable. Generally, all prison sentences, including those previously imposed under the ISL, must now be for a fixed term of imprisonment and a specific parole release date set. (§ 1170.2, subds. (a), (e) and (f); *In re Rogers* (1980) 28 Cal.3d 429 [169 Cal.Rptr. 222, 619 P.2d 415].) Upon completion of such fixed term of imprisonment, the prisoner must be released on parole for a prescribed number of years (§ 3000, subds. (a), (b)) and thereafter fully discharged (§§ 3000, subd. (d), 3001). Thus, the anomalous result perceived in *Walker* (impossibility of serving enhanced term) has been effectively eliminated.

Of greater significance, the additional two years was here imposed in the required process of determining the suitable period of actual confinement prior to release on parole as distinguished from an incremental term of punishment. Under ISL principles, defendant would have been

*ineligible* for parole for a minimum period of seven years (§ 3046)[3]; his actual period of confinement and resultant minimum eligible parole release date would have been determined by the Adult Authority after consideration of a number of relevant factors, including the seriousness of the offense, his age, his prior history of criminality, his conduct in prison and his efforts toward rehabilitation. (*In re Rodriguez* (1975) 14 Cal.3d 639, 652 [122 Cal.Rptr. 552, 537 P.2d 384]; *In re Sturm* (1974) 11 Cal.3d 258, 268 [113 Cal.Rptr. 361, 521 P.2d 97]; *In re Schoengarth* (1967) 66 Cal.2d 295, 300 [57 Cal.Rptr. 600, 425 P.2d 200].) While the use of a firearm could not have extended defendant's minimum period of parole ineligibility in the absence of a clear legislative intention (*People* v. *Walker, supra*, 18 Cal.3d at p. 243), it could reasonably be considered in the array of parole factors influencing the actual length of confinement. (Cf. *In re Stanley* (1976) 54 Cal.App.3d 1030, 1042-1043 [126 Cal.Rptr. 524].)

Following enactment of the comprehensive DSL and its expressly retroactive provisions (§ 1170.2, subds. (a), (e) and (f); *Way* v. *Superior Court* (1977) 74 Cal.App.3d 165 [141 Cal.Rptr. 383]), the predecessor Community Release Board was required to fix a term of confinement and to set a parole release date for *all* ISL prisoners including those sentenced to life imprisonment. (§§ 1170.2, subds. (a), (b) and (e), 3000, subd. (b); *In re Rogers, supra*, 28 Cal.3d 429.) The Board is expressly enjoined to "establish criteria for the setting of parole release dates...[including]...factors in mitigation or aggravation of the crime." (§ 3041, subd. (a).) That mandate was implemented through adoption of a series of administrative regulations relating to parole suitability and parole dates for life prisoners. (See Cal. Admin. Code, tit. 15, §§ 2280-2292.) Pursuant to those regulations, the Board selected a "base term" for defendant's confinement at the upper level of 17 years by reason of aggravated circumstances consisting of the wantonness of defendant's act and his extraordinary effort to avoid detection. (Cal. Admin. Code, tit. 15, §§ 2282, subd. (b), 2283, subd. (b).) The aggregate term of 19 years, less 16 months' conduct credit (Cal. Admin. Code, tit. 15, § 2290), is the result of the added 2-year component based upon defendant's use of a firearm in the commission of a "life crime." (Cal. Admin. Code, tit. 15, § 2285.)[4] Such additional term nei-

---

[3]The same minimum period has been retained in the amended version of section 3046.

[4]Defendant challenges neither the validity of the base term as computed nor proof of the fact of the firearm use.

ther extended the statutory period of parole ineligibility (§ 3046) nor carried beyond defendant's ability to serve it during his lifetime (see §§ 3000, subd. (b), 3001, subd. (b)) and was properly considered by the Board in calculating defendant's period of actual confinement prior to release on parole, notwithstanding the absence of an express finding at the time of sentencing. (Cf. *In re Dexter* (1979) 25 Cal.3d 921, 929-930 [160 Cal.Rptr. 921, 603 P.2d 35].)

Accordingly, we conclude that the writ was improvidently granted; the order or judgment appealed from is reversed.

Newsom, J., and Grodin, J., concurred.