[No. B039038. Second Dist., Div. One. Nov. 13, 1990.]

In re ANTONIO R., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO R., Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976.1 and 976(b), this opinion is certified for publication with the exception of part I.

**COUNSEL**

Lawrence A. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, Linda C. Johnson and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ORTEGA, J.**—Found to have committed murder and assault with a firearm, appellant asks us to reverse the judgment. We reject his claim of error and affirm the trial court's resolution of the matter.

### FACTS

Appellant belongs to a street gang known as the "Alley Boys." The "Crazy Riders" are a rival gang. On the night Susan Maldonado died, she was with appellant (her boyfriend) and several other companions when they decided to get something to eat. They got into a pickup truck shortly before midnight and headed for a restaurant in Crazy Riders' territory. Appellant and Maldonado rode in the bed of the truck. Their four companions were

all in the cab. As they reached a corner where Crazy Riders tended to congregate, appellant yelled an anti-Crazy Riders epithet and fired a handgun into the crowd there gathered. Someone in the crowd fired back and Maldonado was slain. It is undisputed that the fatal bullet did not come from appellant's weapon.

The crucial issue at trial was who fired first. The case was tried on the theory that if the first shot came from the crowd, appellant was defending himself. But if appellant fired the first shot, he precipitated the incident and was thus vicariously liable for Maldonado's death.

Appellant told the police he had shouted the epithet but fired only after being fired upon by someone in the crowd. One of appellant's companions in the cab of the pickup, Zully Maranon, was twice interviewed by the police. In the first interview, she said the first shot came from the crowd. In the second interview, taped two days later, she said she heard the first shot emanate from the bed of the pickup right behind her. She said appellant fired the first shot. At trial, Maranon admitted making the statements in the second interview, but disavowed them claiming she made them under pressure from the police.

Jesus Alvarenga is a member of the Crazy Riders. He testified he was in the crowd and the first shot was fired by a male in the bed of the pickup. Alvarenga had drunk 10 to 12 beers.

### Appellant's Claims of Error

(I) The trial court erroneously denied appellant's motion for acquittal made at the close of the prosecution's case. (II) A two-year sentence enhancement for personal use of a firearm was improperly imposed.

### Discussion

### I*

. . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 476.

## II

■ Appellant's sentence was enhanced by two years under Penal Code section 12022.5[2] which applies to one who personally uses a firearm during the commission or attempted commission of a crime. He claims the enhancement does not apply to him since he did not personally commit the killing. As he was found guilty of murder on the theory of vicarious liability, appellant reasons, he is not subject to the enhancement, even if he personally used a firearm while the killing was being committed. In support of his position, appellant cites *People* v. *Walker* (1976) 18 Cal.3d 232 [133 Cal.Rptr. 520, 555 P.2d 306], disagreed with on other grounds in *People* v. *Polk* (1982) 131 Cal.App.3d 764, 778 [182 Cal.Rptr. 847] and *In re Neal* (1980) 114 Cal.App.3d 141, 144 [170 Cal.Rptr. 452]; *People* v. *Cole* (1982) 31 Cal.3d 568 [183 Cal.Rptr. 350, 645 P.2d 1182]; *People* v. *Allen* (1985) 165 Cal.App.3d 616 [211 Cal.Rptr. 837]; and *People* v. *Ramirez* (1987) 189 Cal.App.3d 603 [233 Cal.Rptr. 645].

*Walker* and *Allen* stand for the proposition that one who does not personally use a firearm may not suffer a section 12022.5 enhancement. Those cases did not consider whether the enhancement applies to one who personally uses a firearm but is only vicariously liable for the underlying crime. *Cole* interpreted section 12022.7, which provides a sentence enhancement for one who, with the intent to do so, inflicts great bodily injury during the commission or attempted commission of a crime. The court held this enhancement "applies only to a person who himself inflicts the injury." (*People* v. *Cole, supra,* 31 Cal.3d at p. 572.) Again, the court did not consider the point raised by appellant. Nor did the court in *Ramirez*, which dealt with section 12022.8's enhancement for one who personally inflicts great bodily injury during the commission of a sex crime.

We reject appellant's notion. The obvious purpose of section 12022.5 is to discourage the use of firearms in criminal activity. Had the Legislature meant to exclude from its provisions one who is only vicariously liable, it could easily have done so. The instant matter graphically demonstrates why it did not. Had appellant not used his firearm to precipitate the incident, Maldonado likely would not have died that night. As we read the statute, one who commits an act which renders him criminally liable, whether directly or vicariously, is subject to the section 12022.5 enhancement if he personally uses a firearm during that act.

---

[2] All further statutory references are to the Penal Code.

## DISPOSITION

The judgment is affirmed.

Devich, Acting P. J., and Vogel, J., concurred.