960 F.2d 152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry Lee O'BRIEN, Petitioner-Appellant,
v.
James ROWLAND, Director of California Department of
Corrections, et al., Respondents-Appellees.
 No. 91-55554.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided April 20, 1992.
 
 Before HUG, PREGERSON and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry O'Brien appeals the denial of his habeas corpus petition, 28 U.S.C. § 2254. This court has jurisdiction, 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Petitioner was sentenced to death in 1968 for first degree murder. His sentence was overturned and he was resentenced to life imprisonment. Petitioner argues that because he was sentenced while the Indeterminate Sentencing Law was in effect in California, see former Cal.Penal Code § 1170, he is entitled under California's Determinate Sentencing Law to have a determinate sentence and parole date set. All of Petitioner's claims[1] are derivatives of this argument and are equally without merit because he has yet to be found parole eligible, and he misconstrues California's Determinate Sentencing Law as applied to life prisoners.
 
 
 4
 The decision whether to grant or deny a petition for habeas corpus is reviewed de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989).
 
 
 5
 I. California Penal Code Section 1170.2(a) and (e)
 
 
 6
 Petitioner argues that failure to apply to him California Penal Code § 1170.2(a), California's retroactive provision of its Determinate Sentencing Law, violates equal protection and due process.[2] Petitioner is mistaken. California Penal Code § 1170.2(a) by its terms does not apply to him because he was not given an indeterminate sentence under former § 1170; he was sentenced under former California Penal Code § 1168 and given a determinate sentence--life. Clearly, California Penal Code § 1170.2(e) applies.
 
 
 7
 Petitioner claims that others serving life sentences have had base terms of confinement and parole dates determined under § 1170.2, and failure to do the same for him violates equal protection. See Chatman v. Marquez, 754 F.2d 1531 (9th Cir.1985), cert. den. 474 U.S. 841 (1985); In re Neal, 114 Cal.App.3d 141 (Cal.Ct.App.1980). As a life prisoner, Petitioner must first be found parole eligible before he can even speak of a base term or parole release date. After thirteen parole hearings, this has not occurred. He is not similarly situated to the petitioners in Neal or Chatman, who had to have been found parole eligible before receiving a base term or parole release date. See Cal.Penal Code § 3041; Cal.Code Regs. tit. 15, § 2280. Petitioner offers no proof of other similarly situated life prisoners who have received base terms and parole release dates without being adjudged parole eligible. There is no equal protection violation here. Cf. McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir.1991) (petitioner would have to prove that similarly situated prisoners have systematically received lesser sentences than he).
 
 
 8
 Nor is due process violated. Petitioner claims a "personal liberty interest" in "being free from incarceration as soon as possible." See In re Henson. 123 Cal.App.3d 518, 521 (Cal.Ct.App.1981). Although personal liberty is recognized as a fundamental interest by the California Supreme Court, see People v. Olivas, 17 Cal.3d 236, 251 (1976), there is no constitutional right to be conditionally released before a valid sentence has expired. See Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 7 (1979). California's Penal Code and Code of Regulations do not create a legitimate expectation of parole for one who has not been found parole suitable. See Cal.Penal Code § 1170.2(e); Cal.Penal Code § 3041(b); Cal.Code Regs. tit. 15, § 2281. Petitioner has no liberty interest in a set term of confinement, other than life, or in receiving a parole release date.
 
 
 9
 II. California Code of Regulations Title 15, § 2292
 
 
 10
 Petitioner further argues that due process, equal protection and the prohibition against ex post facto laws are violated by applying California Code of Regulations Title 15, § 2292 to him. Section 2292 sets forth the parole consideration criteria and guidelines for life prisoners. Because he has no liberty interest of which to speak, due process is not violated.
 
 
 11
 Petitioner is not similarly situated to prisoners given indeterminate sentences under former California Penal Code § 1170; nor is he being treated differently than life prisoners sentenced under former § 1168. There is no equal protection violation.
 
 
 12
 Section 2292, although retrospective, does not subject him to a more onerous burden as a result of its application to him because he would still have to be found parole eligible before having a parole date and base term set. California has already ruled that life prisoners sentenced before the Determinate Sentencing Law was enacted, once found parole suitable, are entitled to the earlier of parole dates as determined under both the Indeterminate and Determinate Sentencing Law guidelines. In re Stanworth, 33 Cal.3d 176, 188 (1982). Petitioner has not even arrived at the point where he could raise a colorable ex post facto claim. Application of Section 2292 has not subjected him to a more onerous burden. Weaver v. Graham, 450 U.S. 24, 29 (1981).
 
 
 13
 III. California Code of Regulations Title 15, Section 2000(b) and former California Code of Regulations Title 15, Section 2145
 
 
 14
 Petitioner also argues that application of California Code of Regulations Title 15, § 2000(b) and the failure to apply former California Code of Regulations Title 15, § 2145 violate equal protection, due process, and the prohibition against ex post facto laws to the extent that they deprive him of the benefit of California Penal Code § 1170.2(a).
 
 
 15
 Although § 2000(b), by defining Petitioner as a "life prisoner" as opposed to an "ISL prisoner" (Indeterminate Sentencing Law prisoner), would preclude application of § 1170.2(a) to Petitioner, § 1170.2(a) by its own terms precludes its application to Petitioner. Petitioner is not an ISL prisoner, and is not entitled to be treated as one. Section 2000(b) does not deprive Petitioner of any liberty interest because he is not parole suitable, and does not disadvantage him in violation of the Ex Post Facto Clause.
 
 
 16
 Former California Code Title 15, § 2145, which established procedures for the retroactive application of the Determinate Sentencing Law to ISL prisoners, never applied to Petitioner.
 
 III. Staff Preparation Sheet
 
 17
 Petitioner has no liberty interest in the proposed range of base term confinement mentioned in the Staff Preparation Sheet completed for his 1978 parole determination hearing. He was not found parole suitable, and the proposed range was not meant to be binding should he be adjudged so. See former Cal.Code Regs. tit. 15, § 2282.
 
 
 18
 This petition is a veiled attempt to overturn the Board of Prison Term's finding that Petitioner is ineligible for parole.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Petitioner has exhausted his state remedies. See O'Brien v. Rowland, No. CV-89-3891-HLH(G), Petition for Writ of Habeas Corpus 4-6 (C.D.Cal. Jun. 28, 1989)
 
 
 [2]
 Respondents correctly note that Petitioner failed to raise below his claim that the refusal to apply California Penal Code § 1170.2(a) to determine his base term and parole release date violates the doctrine of separation of powers. There are no extraordinary circumstances here; we decline review. Standlee v. Rhay, 557 F.2d 1303, 1308 n. 3 (9th Cir.1977)